GENOVA & MALIN  
Attorneys for the Debtors  
1136 Route 9  
Wappingers Falls NY 12590  
(845) 298-1600  
Thomas Genova (TG4706)  
Andrea B. Malin (AM4424)

DATE: JANUARY 9, 2018  
TIME: 9:20 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------X  
IN RE:

**CHAPTER 13**

TIMOTHY P. SANKER and **CASE NO. 17-35935(CGM)**  
TERRY ANN SANKER,

        Debtors.  
---------------------------------------------------------X

**FINAL FEE APPLICATION OF GENOVA & MALIN AS COUNSEL FOR THE DEBTOR FOR APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF <u>EXPENSES FROM MAY 30, 2017 THROUGH DECEMBER 8, 2017</u>**

| Name of applicant: | GENOVA & MALIN |
|---|---|

Authorized to provide
professional services to:             Debtors

Date of Retention:                    May 30, 2017

**Final Fee Application Period** for       May 30, 2017 through December 8, 2017
which compensation and
reimbursement is sought:

Amount of Compensation sought
as actual, reasonable and necessary
for the **Final Fee Application Period:**   $13,426.85


This is an   : _____ interim   ____X_____ final application

This is the first and final fee application filed by GENOVA & MALIN with respect to the debtors for the time period specified herein.

GENOVA & MALIN
Attorneys for the Debtors
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

                                                           **CHAPTER 13**
TIMOTHY P. SANKER and                   **CASE NO. 17-35935(CGM)**
TERRY ANN SANKER,

                Debtors.
---------------------------------------------------------X

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEYS FOR DEBTORS UNDER
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, respectfully represents:

**<u>GENERAL BACKGROUND</u>**

1. On May 30, 2017, TIMOTHY P. SANKER and TERRY ANN SANKER (the "debtors"), filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

2. Your applicant, on behalf of the debtors, has been responsible for guiding the debtors' estate through Chapter 13 of the Bankruptcy Code.

3. At the time of the filing, the debtors owned their residence (the "Residence").

4. At the time of the filing, the Residence was encumbered by a first mortgage lien which they sought to modify.

5. At the time of the filing, the debtors owned a vehicle with an unsecured lien against it which they sought to bifurcate.

6. At the time of the filing, the debtors's Residence was encumbered by a judgment lien that impaired their homestead exemption which they sought to avoid.

7. The debtors sought to file the petition in an effort to reorganize their financial situation.

## APPLICATION FOR FEES

8. This application is made by GENOVA & MALIN, for an allowance of additional compensation for professional services rendered to and on behalf of the debtors in seeking to loss mitigate the debtors' first mortgage, bifurcate the lien against their vehicle and avoid a judgment lien from May 30, 2017 through December 8, 2017.

9. Your applicant has acted as legal counsel to the debtors and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN'S business, concurrently with the rendition of such services and the incurring of such costs and expenses. A copy of the Rule 2016(b) Statement filed in this case is attached hereto as Exhibit "A". A copy of the Retainer Agreement is annexed hereto and made a part hereof as Exhibit "B". A summary of the time records and disbursements sheet is annexed hereto and made a part hereof as Exhibit "C". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtors are set forth in the following summary.

## ALLOWANCE OF COMPENSATION

10. The allowance of compensation to estate professionals is governed by Section 330(a)(1)(A) of the Bankruptcy Code, which authorizes courts to award "reasonable

compensation for actual, necessary services rendered."  Section 330(a)(3) provides guidance for determining whether compensation is reasonable, pointing out that courts should:

> consider the nature, the extent, and the value of such services, taking into account all relevant factors, including - (A) the time spent on such services; (B) the rate charged for such services; © whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases.  In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 18 (B.Ct.S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.").  GENOVA & MALIN respectfully submits that consideration of these factors should result in the Court's allowance of the full amount of compensation sought.

### SUMMARY OF PROFESSIONAL SERVICES RENDERED

**LOSS MITIGATION** (12.4 hours; $4,381.50)

11.     On May 30, 2017, the debtors filed a Request for Loss Mitigation on their first mortgage.

12.     In pursuing the Loss Mitigation, this firm was required to have several

conferences with the debtors, review financial documents, attend Court directed mediation and conduct several conference calls with all parties.

13. On June 28, 2017, an Order Granting Loss Mitigation Request for the first mortgage was entered by this Court.

14. On October 27, 2017, the debtors filed a Motion to Approve Loan Modification Agreement.

15. On December 4, 2017, the Court entered the Order Approving the Loan Modification and Reducing the Mortgagee's Claim to Zero.

16. Due to the efforts of this firm, the debtors were able to reach an outcome which was most beneficial to them.

**OBJECTION TO CONFIRMATION FILED BY**
**FORD MOTOR CREDIT COMPANY LLC** (1.3 hours; $517.50)

17. On June 23, 2017, FORD MOTOR CREDIT COMPANY LLC ("FORD") filed an Objection to Confirmation of the Plan alleging that the debtors under valued their vehicle.

18. In pursuing the Objection, this firm was required to have several conferences with the debtors, review financial documents and have several discussions with the secured creditor.

19. Due to the firm's efforts, the matter was resolved expeditiously.

**OBJECTION TO CONFIRMATION FILED BY**
**CAPITAL ONE, N.A.** (1.6 hours, $652.50)

20. On July 28, 2017, CAPITAL ONE, N.A. filed an Objection to the Confirmation of the Debtors' Plan upon the ground that the debtors failed to include payment of pre-petition arrears over the life of the debtors' Chapter 13 Plan.

21. In pursuing the Objection, this firm was required to have several conferences with the debtors, review financial documents, and have several conferences with the

secured creditor.

22. Due to the firm's efforts, the matter was resolved expeditiously.

**MOTION TO VOID LIEN**(9.3 hours; $3,613.50)

23. Based upon the claims as filed, it became necessary to file a Motion Bifurcating the lien held against the debtors' vehicle by FORD and Reclassifying and Reducing its claim, pursuant to 11 U.S.C. §§506(a) and 506(d).

24. In order to prepare for and prosecute said Motion, this firm was required to review valuation information, lien documents, payment histories, review appraisals, have several discussions and meetings with the debtors and negotiate value with the secured creditor.

25. On July 19, 2017, the debtors filed the Motion to Void Lien.

26. On August 2, 2017, FORD filed Opposition to the Debtors' Motion.

27. On August 3, 2017, FORD filed a second Response in Opposition to the Debtors' Motion.

28. After attending several Court conferences and negotiation meetings, the parties settled the matter, this Court entered a Stipulation of Settlement and Order on September 14, 2017.

29. Due to the efforts of this firm, the debtors were able to reach an outcome which was most beneficial to them.

**MOTION TO AVOID JUDGMENT LIENS** (7.7 hours; $2,968.50)

30. Based upon the pre-petition judgments filed against the debtors, it was necessary to file a Motion to Avoid the Judgment Liens against the debtors' residence, pursuant to 11 U.S.C. §552(f).

31. In order to prepare for said Motion, this firm was required to review County Records, mortgages, mortgage notes and appraisals, judgments, corporate addresses of judgment holders, and appearances by counsel on behalf of the judgment lien creditors, and to have several meetings with the clients in order to obtain all necessary information.

32. On August 17, 2017, the debtors filed the Motion to Avoid Liens.

5

33. On September 14, 2017, an Order granting said Motion was entered by this Court. Thereafter, the firm prepared for and filed said Order with the County Clerk of the State of New York.

34. Due to the efforts of this firm, the debtors were able to reach an outcome which was most beneficial to them.

**FEE APPLICATION** (3.0 hours; $1,125.00)

35. The times spent on the Fee Application includes, without limitation: time spent (I) reviewing monthly billing reports; (ii) preparing fee notice; (iii) preparing the Fee Application; (iv) copying the Fee Application and Notice; (v) serving the Fee Application and Notice; and (vi) filing the Fee Application and Notice on the Court's ECF System.

36. The services rendered by GENOVA & MALIN during the Final Fee Application Period can be grouped into the following categories:

| Service Category | Hours | Fees |
| --- | --- | --- |
| Loss Mitigation | 12.4 | $ 4,381.50 |
| Objection to Confirmation (mortgagee) | 1.6 | $ 652.50 |
| Objection to Confirmation (Vehicle) | 1.3 | $ 517.50 |
| 506/3007 Vehicle | 9.3 | $ 3,613.50 |
| 522(f) Motion | 7.7 | $ 2,968.50 |
| Fee Application | 3.0 | $ 1,125.00 |
| **TOTAL** | 35.3 | **$13,258.50** |

37. Accordingly, your applicant has expended 24.4 hours of partner time, 5.1 hours of Associate time and 5.8 hours of paralegal time from May 30, 2017 through December 8, 2017, in the rendition of its services to the debtors. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which

6

your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

        **THOMAS GENOVA:** Mr. Genova has been practicing law in excess of thirty-five (35) years. He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy. He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994. He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

        **ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of twenty-six (26) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

| Attorney | Position of Applicant | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Malin, Andrea | Partner | 1991 | $450.00 | 24.4 | $10,980.00 |
| Fitzgearld, Erina | Associate | 2015 | $225.00 | 5.1 | $ 1,147.50 |
| Total | | | | 29.5 | $12,127.50 |
| Blended Rate | | | | **$411.00** | |

| Paraprofessional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Malin, Anthony | Legal Assistant | $195.00 | 5.8 | $ 1,131.00 |
| Totals for paraprofessionals | | | 5.8 | $ 1,131.00 |
| TOTAL | | | 35.3 | $13,258.50 |
| Total Blended Rate | | | **$375.60** | |

38. Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their clients' interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained,

8

should be taken into consideration in computing the award of final compensation.

39. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

40. Your applicant's standard time charge for the period from May 30, 2017 to date is FOUR HUNDRED FIFTY DOLLARS ($450.00) per hour for partner time, TWO HUNDRED TWENTY-FIVE DOLLARS ($225.00) per hour for associate time and ONE HUNDRED NINETY-FIVE DOLLARS ($195.00) per hour for paralegal time.

**EXPENSES**

41. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid, as follows:

| **Expense Category** | **Amount** |
|---|---|
| Copy Costs    (901 @ .10) | $ 90.10 |
| Postage | $ 78.25 |
| Facsimile | |
| **TOTAL** | **$168.35** |

**COMPLIANCE WITH GUIDELINES**

42. GENOVA & MALIN believes that this Application substantially complies with the Guidelines. To the extent there has not been material compliance with any particular rule or guideline, GENOVA & MALIN respectfully requests a waiver or opportunity to cure.

43. No previous allowance has been made to your applicant for the services rendered as hereinafter set forth and no previous application has been made therefor to this Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of THIRTEEN THOUSAND TWO HUNDRED FIFTY-EIGHT DOLLARS AND FIFTY CENTS ($13,258.50) and costs and expenses in the sum of ONE HUNDRED SIXTY-EIGHT DOLLARS AND THIRTY-FIVE CENTS ($168.35); all totaling the sum of THIRTEEN THOUSAND FOUR HUNDRED TWENTY-SIX COLLARS AND EIGHTY-FIVE CENTS ($13,426.85); and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
December 8, 2017

                                  GENOVA & MALIN
                                  Attorneys for Debtors

                    By:   /s/ Andrea B. Malin
                            ANDREA B. MALIN (AM4424)
                            1136 Route 9
                            Wappingers Falls NY 12590
                            (845) 298-1600