GENOVA & MALIN
Attorneys for the Debtor(s)
Hampton Business Center
1136 Route 9
Wappingers Falls, NY 12590
Phone (845) 298-1600
Fax (845) 298-1265
genmallaw@optonline.net

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

| | |
|---|---|
| In re | |
| TIMOTHY P. SANKER and | CHAPTER 13 |
| TERRY ANN SANKER, | CASE NO.: 17-35935(CGM) |
| | |
| Debtor(s). | FIRST AMENDED |
| SSN xxx-xx-7203    SSN xxx-xx-0237 | CHAPTER 13 PLAN |

----------------------------------------------------------x

Plan Definitions: If this is a joint case, use of the term "Debtor" shall also mean Debtors.  The term "Trustee" shall always refer to Jeffrey L. Sapir, the Chapter 13 Standing Trustee for this court, or his substitute.  The term "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure.  The term "Local Rule" shall refer to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern District of New York.  The term "Petition" refers to Debtor's bankruptcy petition filed with the Court on May 30, 2017. The term "Real Property Used as a Principal Residence" includes cooperative apartments.

[X]     This is an Amended or Modified Plan.  The reasons for filing this Amended or Modified Plan are: To deal with claims filed in the case .

In all respects, this Plan shall comply with the provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

**SECTION A**
**Plan Payments and Payment Duration**
The future earnings of Debtor are submitted to the supervision and control of the Trustee.  Debtor will make the first Plan payment no later than thirty (30) days after the date this Petition was filed. The Debtor shall make SIXTY [60] monthly payments to the Trustee as follows:

$375.00 each month, from June 30, 2017, through December 30, 2017.
$395.00 each month, from January 30, 2017, through May 30, 2022.

The debtors tax refunds in excess of $1,500.00 have been included in the calculation of their disposable income on Schedules I & J. Accordingly same shall not be turned over to the Chapter 13 Trustee.

[  ]    Pursuant to 11 U.S.C. § 1325(b)(4), the applicable commitment period is 60 months, or

[ X ]   Pursuant to 11 U.S.C. § 1325(b)(4), the applicable commitment period is 36 months.

[ X ]   Debtor's annual commitment period is 36 months and Debtor moves to extend to 60 months for the following reasons:

   [ X ]   Debtor is not able to propose a feasible plan in a period of less than 60 months.  Debtor's proposed monthly payment will constitute an affordable budget that the Debtor will be able to maintain.

   [ X ]   Payments greater than that proposed by this plan for 60 months would create an economic hardship for the Debtor.

   [ X ]   Creditors will not be prejudiced by this application for extension of Debtor's plan payments from 36 to 60 months.

**Payment Terms**

The Debtors will pay the amounts listed above to the Trustee by bank check, certified check, teller's check, or money order sent to the following address:

     Jeffrey L. Sapir, Esq., Chapter 13 Trustee
     399 Knollwood Road, Suite 102
     White Plains, New York  10603

**OPTIONAL:** Debtor may pay the Chapter 13 Plan payments to the Trustee by way of an employer pay order, pursuant to 11 U.S.C. § 1325(c). If Debtor selects this option, please check here: [  ]. Upon selecting this option, Debtor hereby consents to the immediate entry of an order directing Debtor's employer to deduct from Debtor's wages the amount specified in this section and transmit that amount directly to the Trustee on Debtor's behalf.  Debtor also agrees to notify the Trustee immediately upon change or termination of employment.  A proposed order outlining Debtor's intention shall be submitted to the court for consideration upon the filing of this Plan.

[  ] Non-Debtor Contributions.  Identify the source and monthly amount to be contributed to the Plan from any person or entity other than the Debtor (a "Non-Debtor Contributor"):   N/A  .
Prior to confirmation of this Plan, each Non-Debtor Contributor must either (1) file an affidavit with the court confirming the amounts that will be contributed to the Plan or (2) consent to entry of an employer pay order for the amount to be contributed to the Plan.

**SECTION B**
**Trustee's Fee**
Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

**SECTION C**
**Loss Mitigation (Optional)**
This section applies only to the Debtor's Real Property Used as a Principal Residence.
[X]    By checking this box and completing this section, the Debtor requests Loss Mitigation pursuant to Local Rule 9019-2, which establishes a court-ordered Loss Mitigation program,

pursuant to which parties may deal with issues such as a loan modification, loan refinance, short sale, or surrender in full satisfaction,  concerning the Debtor's Real Property Used as a Principal Residence located at:_ 329 Hudson Avenue, Beacon, NY 12508 Financed with Capital One Bank, N.A. account number ending in 0506.

The Debtor hereby permits the Secured Creditor(s) listed above to contact (check all that apply):

[ ] The Debtor directly.
[X] Debtor's bankruptcy counsel.
[ ] Other:_____.

(Debtor is not required to dismiss this bankruptcy Petition during the Loss Mitigation discussions. Any agreement reached during the Loss Mitigation discussions may be approved pursuant to an amended Plan, and the terms may be set forth in Section H, below.)


**SECTION D**
**Treatment of Claims**
[ ] See Section H, Varying Provisions.
Except as otherwise ordered by the court, the Trustee will make disbursements to creditors after the court enters an order confirming this Plan.  Unless otherwise provided in Section H (below), disbursements by the Trustee shall be pro rata as outlined below.


**Category 1**
**Attorney's Fees pursuant to 11 U.S.C. §507(a)(2).**
[ ] Not Applicable.
Attorney's fees.  Counsel for the Debtor has agreed to a retainer of $3,500.00, of which $2,000.00 has been collected pre-petition to be applied against fees and costs incurred with the additional $1,500.00 to be paid through debtor's Chapter 13 Plan as an administrative claim. Fees and costs incurred exceeding the retainer in the sum of $13,426.85 shall be paid from funds held by the Chapter 13 Trustee as an administrative expense after application to and approval by the Court pursuant to Bankruptcy Rule 2016 together with the remainder of the fee in the sum of $1,500.00 all totaling the sum of $14,926.85. The debtor has also paid the Court's filing fee in the sum of $310.00.


**Category 2**
**Claims Secured by a Mortgage on the Debtor's Real Property Used as a Principal Residence**
[ ] Not Applicable.
[ ] See Section H, Varying Provisions.
Category 2 applies only to claims secured by a mortgage on the Debtor's Real Property Used as a Principal Residence.
Category 2 Definitions: For the purposes of this Category 2, any reference to the term "Secured Creditor" means mortgagees, a creditor whose interest is secured by a mortgage on Debtor's real property, a holder and/or servicer of a claim secured by a lien, mortgage and/or deed of trust and/or any other similarly situated creditor, servicing agent and/or their assigns. The term "Mortgage" shall include references to mortgages, liens, deeds of trust and any other similarly situated interest in the Debtor's Real Property Used as a Principal Residence.  The term "Contract" shall refer to any

contract or similar agreement pertaining to the Mortgage. The term "Prepetition Arrearages" shall refer to an amount owed by the Debtor to the Secured Creditor prior to the filing of Debtor's petition. The term "Post-Petition Payment" means any payment that first becomes due and payable by the Debtor to the Secured Creditor after the filing of the petition pursuant to the Mortgage or Contract. Confirmation of this Plan shall impose an affirmative duty on the Secured Creditor and Debtor to do all of the following, as ordered:

**(a) Prepetition Arrearages.**

(i) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed claim and shall have a "0" balance upon entry of the Discharge Order in this case. In the event that a Secured Creditor listed in this section fails to timely file a proof of claim in this case, by this Plan the Debtor shall be deemed to have timely filed a proof of claim on behalf of each such Secured Creditor pursuant to 11 U.S.C. § 501(c), in the amount set forth below in Section D, Category 2(a)(iv).

(ii) No interest will be paid on Prepetition Arrearages unless otherwise stated.

(iii) Payments made by the Trustee on Debtor's Prepetition Arrearages shall be applied only to those Prepetition Arrearages and not to any other amount owed by Debtor to the Secured Creditor.

(iv) Information Regarding the Arrearages.

| Secured Creditor/Property Description | Value of Collateral/ Valuation Method | Amount Owed | Date Arrearage Owed as of |
|---|---|---|---|
| Capital One Bank Residence - First Mortgage | $220,569.00/CMA | $00.00[1] | 5/2017 |
| CitiBank (South Dakota), N.A. Residence - Judgement | $220,569.00/CMA | $00.00[2] | 5/2017 |

(v)      If Debtor pays the amount(s) specified in section (iv) (above), while making all required Post-Petition Payments (see below), Debtor's mortgage will be reinstated according to its original terms, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor's petition.

**(b) Post-Petition Payments.**

Debtors shall pay the following Post-Petition Payments directly to the Secured Creditor listed below during the pendency of the Plan:

---

[1] Debtors re-capitalized the pre-petition and post-petition arrears into a loan modification. Therefore same shall not be paid through the plan.

[2] Debtors avoided judicial lien pursuant to 11 U.S.C. §522(f). Said claim shall be paid as a general unsecured claim provided that a timely proof of claim is filed with the Court.

| Secured Creditor/Property Description | Payment Amount | Payment Timing |
|---|---|---|
| Capital One Bank<br>Residence - First Mortgage | $976.26[3] | Monthly |

A Secured Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E, below, with regard to any Notice of Contract Change (as defined in Section E) or other applicable notice as required by Section E or Bankruptcy Rule 3002.1. The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change or other applicable notice as required by Section E or Bankruptcy Rule 3002.1.

**(c) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.**

If a Secured Creditor withdraws its claim, the sum allocated towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors. If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors. If Debtor has proposed a plan that repays his or her creditors in full, then these monies will be returned to the Debtor.

**(d) Important Additional Provisions**.

Secured Creditors in Category 2 must comply with the "Additional Terms Applicable to Creditors and Secured Creditors" in Section E, below, regarding the following: (1) any claim for additional amounts during the pendency of the Debtor's case due to a change in the terms of the Mortgage; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the Debtor's case; or (3) any claim for compensation of services rendered or expenses incurred by the Secured Creditor during the pendency of the Debtor's case. Failure to comply with Section E may result in disallowance of such claims.

**Category 3**
**Executory Contracts & Unexpired Leases**
[ X ]  Not Applicable.
[  ] See Section H, Varying Provisions.
Pursuant to 11 U.S.C. § 1322(b), Debtor assumes or rejects the following unexpired lease(s) or executory contract(s). For an executory contract or unexpired lease with an arrearage to cure, the arrearage will be cured in the Plan with regular monthly payments to be paid directly to the creditor or landlord ("Creditor") by the Debtor. The arrearage amount will be adjusted to the amount set forth in the Creditor's proof of claim, unless an objection to such amount is filed, in which event it shall be adjusted to the amount allowed by the court.

**(a) Assumed.**

---

[3]Modification payment.

| Secured Creditor/<br>Property Description | Value of Collateral/<br>Valuation Method | Estimated<br>Arrearage Amount | Date Arrearage<br>Owed as of |
|---|---|---|---|
| N/A | | | |

**(b) Rejected.**

| Secured Creditor/<br>Property Description | Value of Collateral/<br>Valuation Method | Estimated<br>Arrearage Amount | Date Arrearage<br>Owed as of |
|---|---|---|---|
| N/A | | | |

**(c) Post-Petition Payments for Assumed Executory Contracts and Unexpired Leases.**
Debtor shall make the following Post-Petition Payments directly to the Creditor:

| Secured Creditor/Property Description | Payment Amount | Payment Timing |
|---|---|---|
| N/A | | |

A Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E, below, with regard to any Notice of Contract Change (as defined in Section E) or other applicable notice as required by Section E or Bankruptcy Rule 3002.1. The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change or other applicable notice as required by Section E or Bankruptcy Rule 3002.1.

**(d) Important Additional Provisions.**
Creditors in Category 3 must comply with the "Additional Terms Applicable to Creditors and Secured Creditors" in Section E, below, regarding any of the following: (1) any claim for additional amounts during the pendency of the Debtor's case due to a change in the terms of the executory contract or unexpired lease; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the Debtor's case; or (3) any claim for compensation of services rendered or expenses incurred by the Creditor during the pendency of the Debtor's case. Failure to comply with Section E may result in disallowance of such claims.

**Category 4**
**Claims Secured by Personal Property, a Combination of Personal and Real Property, and Real Property Not Used as Debtor's Principal Residence**
[ ] Not Applicable.
[ ] See Section H, Varying Provisions.
Category 4 applies to claims secured by personal property, a combination of personal and real property, and real property not used as the Debtor's principal residence.
Category 4 Definitions: The term "Secured Claim" shall refer to claims secured by personal property, a combination of personal and real property, and real property not used as the Debtor's principal residence. For purposes of this Category 4, any reference to the term "Secured Creditor" shall include, in addition to the definition of Secured Creditor in Category 2, any creditor whose interest is secured by an interest in any of the Debtor's property.
**(a) List of Category 4 Claims.**

Pursuant to 11 U.S.C. § 1325(a), the Secured Creditor listed below shall be paid the amount shown as their Secured Claim under this Plan. However, if the amount listed in the Secured Creditor's proof of claim is less than the amount of the Secured Claim listed below, the lesser of the two amounts will be paid. In the event that a Secured Creditor listed below fails to timely file a proof of claim in this case, by this Plan the Debtor shall be deemed to have timely filed a proof of claim on behalf of each such Secured Creditor, in the amount set forth below.

| Secured Creditor/ Property Description | Value of Collateral/ Valuation Method | Amount Owed | Date Owed as of | Amount to be Paid Through Plan | Interest Rate |
|---|---|---|---|---|---|
| Ford Motor Credit/ 2013 Ford C-Max | $2,767.00/KBB | $18,062.77 | 05/2017 | $5,200.00[4] | 5.00% |

**(b) Adequate Protection.**
If applicable, adequate protection shall be provided as follows:   N/A   .
**(c) Post-Petition Payments.**
Debtor shall pay the following Post-Petition Payments directly to the Secured Creditor listed below during the pendency of the Plan:

| Secured Creditor/Property Description | Payment Amount | Payment Timing |
|---|---|---|
| N/A | | |

A Secured Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E, below, with regard to any Notice of Contract Change (as defined in Section E) or other applicable notice as required by Section E or Bankruptcy Rule 3002.1. The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change or other applicable notice as required by Section E or Bankruptcy Rule 3002.1.
**(d) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.**
If a Secured Creditor withdraws its claim, the sum allocated towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors.  If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors. If Debtor has proposed a plan that repays his or her creditors in full, then these monies will be

---

[4]Debtor to bifurcate vehicle loan into its secured and unsecured portions and will pay the secured claim in full under the plan in the total sum of $5,200.00 in addition to 5% post-filing interest all totaling the sum of $6,024.72.  The remainder of the lien in the sum of $11,201.06 shall be paid as a general unsecured claim provided that a timely proof of claim is filed.

returned to the Debtor.

**(e) Important Additional Provisions.**

In addition to any requirements set forth in any applicable Bankruptcy Rules, Secured Creditors in Category 4 must comply with the "Additional Terms Applicable to Creditors and Secured Creditors" in Section E, below, regarding the following: (1) any claim for additional amounts during the pendency of the Debtor's case due to a change in the terms of the Contract; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the Debtor's case; or (3) any claim for compensation of services rendered or expenses incurred by the Secured Creditor during the pendency of the Debtor's case. Failure to comply with Section E may result in disallowance of such claims.

**Category 5**
**Priority, Unsecured Claims**
[ ] Not Applicable.
[ ] See Section H, Varying Provisions.
All allowed claims entitled to pro rata priority treatment under 11 U.S.C. § 507 shall be paid in full in the following order:

**(a) Unsecured Domestic Support Obligations.**

| Creditor | Type of Debt | Amount |
|---|---|---|
| N/A | | |

Debtor shall remain current on all such obligations that come due after filing the Debtor's Petition. Unpaid obligations incurred before the Petition date are to be cured by the Plan payments.

**(b) Other Unsecured Priority Claims.**

| Creditor | Type of Debt | Amount |
|---|---|---|
| N/A | | |

**Category 6**
**Codebtor Claims**
[X] Not Applicable.
[ ] See Section H, Varying Provisions.
The term "Codebtor" refers to __N/A__. The following Codebtor claims are to be paid pro rata until the allowed amounts of such claims are paid in full: __N/A__.

**Category 7**
**Nonpriority, Unsecured Claims.**
[ ] Not Applicable.
[ ] See Section H, Varying Provisions.
Allowed unsecured, nonpriority claims shall be paid pro rata from the balance of payments made under the Plan.

**SECTION E**
**Additional Terms Applicable to Creditors and Secured Creditors**
Section E Definitions: The definitions in Section D also apply to this Section. The term "Agreement" includes any executory contract, unexpired lease, Mortgage (as defined in Section D) or Contract (as defined in Section D).

**I. SECURED CREDITOR WITH SECURITY INTEREST IN DEBTOR'S PRINCIPAL RESIDENCE.**

A Secured Creditor with a security interest in the Debtor's principal residence shall comply with the provisions of Bankruptcy Rule 3002.1, including the timely filing of the notices required by subdivisions (b) and (c) of Bankruptcy Rule 3002.1 and the statement required by subdivision (g) of that rule. A Secured Creditor's compliance with the provisions of Bankruptcy Rule 3002.1 satisfies any duty to provide notice under this Section E.

**II. CREDITOR OR SECURED CREDITOR WITH SECURITY INTEREST IN PROPERTY OTHER THAN THE DEBTOR'S PRINCIPAL RESIDENCE.**

**(1) Notice of Contract Change.**

(a)    At any time during the pendency of Debtor's case, a Creditor or Secured Creditor must file on the Claims Register and serve upon the Trustee, Debtor, and Debtor's counsel (if applicable), at least thirty (30) days before the change is to take place, or a payment at a new amount is due, a notice (the "Notice of Contract Change") outlining any change(s) in the amount owed by Debtor under any Agreement, including any change(s) in the interest rate, escrow payment requirement, insurance premiums, change in payment address or other similar matters impacting the amount owed by Debtor under such Agreement (each a "Contract Change"). Additional amounts owed by the Debtor due to a Contract Change **may be disallowed by the Court** to the extent the amounts (i) were not reflected in a Notice of Contract Change filed as required by this subsection, and (ii) exceed the amount set forth in the proof of claim filed by the Creditor or Secured Creditor or deemed filed under this Plan.

(b)    Within thirty (30) days of receipt of the Notice of Contract Change (defined above), Debtor shall either adjust the Post-Petition Payment to the amount set forth in the Notice of Contract Change, or file a motion with the court, objecting to the payment amount listed in the Notice of Contract Change and the stating reasons for the objection.

(c)    The provisions set forth in this article are in addition to any requirements set forth in any applicable Bankruptcy Rules.

**(2) Notice of Outstanding Obligations.**

(a)    At any time during the pendency of the Debtor's case, a Creditor or Secured Creditor shall file on the Claims Register and serve upon the Trustee, Debtor, and Debtor's counsel (if applicable) a notice containing an itemization of any obligations arising after the filing of this case that the Creditor or Secured Creditor believes are recoverable against the Debtor or against the Debtor's property (the "Outstanding Obligations"). Outstanding Obligations include, but are not limited to, all fees, expenses, or charges incurred in connection with any Agreement, such as any amounts that are due or past due related to unpaid escrow or escrow arrearages; insurance

premiums; appraisal costs and fees; taxes; costs associated with the maintenance and/or upkeep of the property; and other similar items. Within thirty (30) days after the date such Outstanding Obligations were incurred, a Notice of Outstanding Obligations shall be filed on the Claims Register, sworn to by the Creditor or Secured Creditor pursuant to 28 U.S.C. § 1746, referencing the paragraph(s) (or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses.

(b)       The Debtor reserves the right to file a motion with the court, objecting to the amounts listed in the Notice of Outstanding Obligations and stating the reasons for the objection. The bankruptcy court shall retain jurisdiction to resolve disputes relating to any Notice of Outstanding Obligations.

(c)       The provisions set forth in this article are in addition to any requirements set forth in any applicable Bankruptcy Rules.

## III. APPLICATION FOR REIMBURSEMENT OF COSTS AND FEES OF PROFESSIONALS.

Pursuant to Bankruptcy Rule 2016 and Local Rule 2016-1, and in addition to any required notice or statement to be filed under Bankruptcy Rule 3002.1 (if applicable) or this Section E, a Creditor or Secured Creditor must file an Application with the court if it wishes to be compensated from the Debtor or the estate for services rendered or expenses incurred by its professionals after Debtor's filing of this Petition and before the issuance of the Notice of Discharge. The application shall include a detailed statement setting forth (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. The application shall include a statement sworn to by the Creditor or Secured Creditor pursuant to 28 U.S.C. § 1746 that references the paragraph number(s) (or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses. A Creditor or Secured Creditor may request approval of multiple fees and expenses in a single application, and any application under this subsection must be filed not later than thirty (30) days after the issuance of the Notice of Discharge in this case. **Failure to comply with the provisions in this subsection may result in disallowance by the Court of such fees and expenses**. The Debtor reserves the right to object to any application filed under this subsection. This subsection will not apply to the extent that the court has previously approved a Creditor or Secured Creditor's fees or expenses pursuant to an order or conditional order.


## SECTION F
## Lien Retention

Except those expunged by order after appropriate notice pursuant to a motion or adversary proceeding, a Secured Creditor shall retain its liens as provided in 11 U.S.C. § 1325(a).

## SECTION G
## Surrendered Property

[X] Not Applicable.

Debtor surrenders the following property and, upon confirmation of this Chapter 13 Plan or as otherwise ordered by the court, any and all bankruptcy stays are lifted as to the collateral to be surrendered:

N/A.

**SECTION H**
**Varying Provisions**
[ X ] Not Applicable.
The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G):  N/A  .

**SECTION I**
**Tax Returns, Operating Reports and Tax Refunds**
**(1) Tax Returns.**
While the case is pending, the Debtor shall timely file tax returns and pay taxes or obtain appropriate extensions and send a copy of either the tax return or the extension to the Trustee pursuant to 11 U.S.C. § 521(f) within thirty (30) days of filing with the taxing authority.
**(2) Operating Reports.**
If Debtor is self-employed or operates a business either individually or in a corporate capacity, Debtor shall provide the Trustee with monthly operating reports throughout the entirety of the case.
**(3) Tax Refunds.**
The Debtor may voluntarily elect to contribute tax refunds as lump-sum payments in Section A of this Plan. Unless the Debtor has proposed a plan that repays his or her creditors in full, the court may order the Debtor to contribute a portion of the tax refunds to the Plan. The amount to be contributed shall be determined by the court on a case-by-case basis.

**SECTION J**
**Funding Shortfall**
Debtor will cure any funding shortfall before the Chapter 13 Plan is deemed completed.

**SECTION K**
**Debtor's Duties**
**(1) Insurance.** Debtor shall maintain insurance as required by law, contract, security agreement or Order of this Court.
**(2) Payment Records to Trustee.** Debtor shall keep and maintain records of payments made to Trustee.
**(3) Payment Records to Secured Creditor(s).** Debtor shall keep and maintain records of post-petition payments made to Secured Creditor(s).
**(4) Donation Receipts.** Where applicable, Debtor shall keep a record of all charitable donations made during the pendency of this case and maintain receipts received.
**(5) Domestic Support Obligation(s).** Debtor shall maintain a record of all domestic support obligation payments paid directly to the recipient pursuant to a separation agreement, divorce decree, applicable child support collection unit order or other court's order. The Debtor must also complete and sign the "Certification Regarding Domestic Support Obligations" required by General Order M-338. The Certification should be returned to the Trustee when submitting the last payment under this Plan.
**(6) Change in Address.** Debtor must notify the court and the Trustee if the address or contact

information changes during the pendency of the case. Notification must be made in writing within fifteen (15) days of when the change takes place.

**(7) Disposal of Property.**   Debtor shall not sell, encumber, transfer or otherwise dispose of any Real Property or personal property with a value of more than $1,000 without first obtaining court approval.

**(8) Service.**   This plan or amended plan has been served on all creditors more than 28 days, plus 3 additional days if service is by mail, before confirmation hearing. A certificate of service as required by Bankruptcy Rule 2002(b) and Local Bankruptcy Rules 3015-1(c) and 9078-1 has been filed.

**Debtor's Signature:**  Wappingers Falls, New York
                                            Dated: December 29, 2017

 /s/ Timothy P. Sanker               /s/ Terry A. Sanker
TIMOTHY P. SANKER                 TERRY A. SANKER
Debtor                                      Co-Debtor
 329 Hudson Avenue
 Beacon, NY 12508
Address                                   Address


**Attorney's Signature:**
                                            Attorney for Debtor                    Date

**Attorney**            I, the undersigned attorney for the Debtor, hereby certify that the foregoing
**Certification**       Plan conforms to the pre-approved Chapter 13 Plan promulgated pursuant
                            to the Local Bankruptcy Rules of the United States Bankruptcy Court for the
                            Southern District of New York.

 /s/ Andrea B. Malin                  December 29 , 2017
ANDREA B. MALIN                   Date
Attorney for the Debtor